Gholson, J.
A final order, made by any tribunal, board- or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reversed, vacated or modified by that court. Code, sec. 511. An order-affecting a substantial right, made in a special proceeding, is deemed such a final order. Code, sec. 512. The proceeding-to reverse, vacate or modify, must be by petition in error, and a summons to be issued and served, and the plaintiff in error is required to file with his petition a transcript of the proceedings, containing the order sought to be reversed, vacated or modified. Code, secs. 515, 517. The execution of a final order may be stayed by a judicial tribunal, on terms. Code,, sec. 525. The transcript of the proceedings is to be furnished by the clerk of the court, and when there is no.clerk, by the judicial tribunal which made the order. Code,, sec. 518.
A judge acting in a proceeding in aid of execution, is required to “ reduce all his orders to writing, which, together with a minute of his proceedings, signed by himself, shall be filed with the clerk of the court of the county in which the-judgment is rendered, or the transcript of the justice filed.” Code, sec. 474. But the judge may continue his proceedings,, from time to time, until they shall be completed. Code, sec.. 471. In this case, the transcript is furnished by the probate- *572 judge, but as the proceedings may not have been completed by enforcing the order, for costs, it may have been proper that he should furnish the transcript, and we can not presume against the regularity of his act.
Section 464 of the code, under which the proceeding was instituted, does not require that the judgment debtor should be made a party, though the judge may, in his discretion, require notice of the proceedings to be given. This discretion was not exercised in this case. It does not appear frojn any action of the judge, that the railroad company was a party to the proceedings. Certain testimony, taken by the judge, and reduced to writing, is attached, as an exhibit, to the transcript, and it appears in the course of this testimony, that an attorney for the railroad company asked questions, and also offered a document in evidence. Unless this shall be regarded as making the railroad company a party to the proceeding, it is difficult to understand with what propriety the company was made the defendant in the petition in error.
There is a still greater difficulty in the not making Richard Matheany a party. The proceeding was instituted to reach property or money in his hands; the notice to appear and answer was served upon him; and he was discharged from further attendance, upon a finding that the money in his hands was not subject to the claim of the plaintiff. It is reasonable to suppose that he thereupon, in the ordinary discharge of his duty, paid over the money to those under whose authority he was acting, and to whom he was bound to account. If the ■effect of the order was to allow Matheany to appropriate the money, as he would have done, and was bound to do, before the proceeding was instituted, the plaintiff, had he then intended a proceeding in error, might possibly have applied, under section 525 of the code, for a suspension of its effect. But so far from anything of this kind being done, in no part of the proceedings, as will hereafter appear, is any intention indicated of taking the proceeding to another tribunal. Under these circumstances, no adjudication of the question •ought to be made which may affect Matheany personally, until Re has had an opportunity of being heard. And should it be *573 held that, having paid over the money before a suspension of the order, he is not personally liable, then the court ought not to be called on to decide an abstract question. There would be really no parties litigant; the company being already responsible on the judgment, and the order for costs not being in its favor. We may add, that if, failing to secure in some way a suspension of the effect of the order, the only matter sought to be re-examined was the question of costs, we think it questionable whether it ought to be entertained.
But if the plaintiff were regularly in the court of common pleas, and with the proper parties, the inquiry has yet to be met, what are to be regarded as the minutes of proceedings before the judge, upon which errors may be assigned. It may be well questioned, whether the law contemplates a review of the decision of a judge in such a proceeding, as to the reception or rejection of evidence, or as to his conclusions upon that evidence. His inquiry, under section 464 of the code, is exceedingly simple. He must be satisfied that the property is the property of the judgment debtor. If there be any claim to the contrary, proper for litigation, the summary remedy by an order and proceeding for contempt, should not be adopted; but the party should be left to his action, or placed in a position to assert his right through a receiver. There are no express provisions in our code, such as are found in the code of New York, providing for a review. It may have been supposed that cases would rarely occur in which justice would require a review of the decision in such a case, as the property of the debtor would be still subject to the claim of the creditor, and resort might be had to other proceedings, for the satisfaction of the judgment.
There is doubt in another point of view. The question, under section 464 of the code, whether the person summoned has property of, or is indebted to, the judgment debtor, appears to be regarded in the first instance as a mere ex parte preliminary inquiry. It is not properly a litigation. It is in the nature of an inquest or proceeding in ream,. The first step is to ascertain the existence of the property or indebtedness. If it be found — if there be no doubt or dispute as to owner *574 ship or right — an appropriation is at once made to the satisfaction of the judgment. If there be doubt — if the judge is not satisfied as to the propriety of an immediate appropriation, and further inquiry is desired — the proceeding should assume the shape of a regular litigation. The proper parties should be brought in, and steps taken to retain the control of the subject matter of the litigation. If the probate judge were authorized to take such steps, they were not proposed. If he were not, there is really no other ground of complaint than one very common in the history of litigation, the choice of the wrong remedy. The party had, in the beginning, his election to proceed by action, or in the summary manner. If the latter can not accomplish his purpose, if he has lost time, or a priority of lien or satisfaction, it is the result of his own choice of remedies, preferring the most speedy to the most sure.
The plaintiff, however, is not in a position to ask of us a definite decision upon this point. To authorize a review of the action of a judge in receiving or rejecting evidence, or in ruling as to any matter of law, something in the nature of a bill of exceptions must appear. It is not necessary to decide whether the judge might sign a bill of exceptions, or a statement in the nature of one, for nothing of the kind appears in the proceedings. The evidence on which the action of the judge was had, is referred to as an exhibit, and in the course ■of the taking and reducing to writing the evidence, it appears that a mortgage was offered in evidence and objected to, but no exception was then taken. Nor does it appear when the case was finally heard and disposed of, either the evidence or the objection was relied on. There is nothing to show that any paper of any kind was prepared, with a view to present any’ matter of alleged error. Good faith and justice, both to the parties and to the judge, require that the ground of objection should be stated, and notice by exception or otherwise should be given, of an intention to rely upon anything that occurs in the progress of the proceeding, as a ground of error.
Under the statute, the court of common pleas could only *575 look to the minutes of the proceedings of the judge, and the orders he had made. The evidence properly constituted no part of the minutes, nor could a certificate of the judge, made at the time of furnishing the transcript, make it a part of the minutes. It is certainly not embraced in the ordinary conception of the minutes kept by a judge or court.
We have, therefore, in this case, neither the proper par ties, nor the proper materials, to entitle us to decide whether Richard Matheamy ought to have been ordered to pay over the money in his hands, collected and held as the agent of the railroad company, in satisfaction of the claim of the plaintiff.
The judgment of the common pleas must be affirmed.
Scott, C.J., and Sutliee, Peck, and Brinkerhofe, JJ., concurred.